

Eastern District of Kentucky
Filed

DEC 1 1 2006

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

CIVIL ACTION NO. 06-CV-191-DLB

DAVON BURKE                                                                            PLAINTIFF

VS:                              **MEMORANDUM OPINION AND ORDER**

CAMPBELL COUNTY FISCAL COURT, ET AL.                         DEFENDANTS

Davon Burke ("Burke"), an individual presently confined at the Kentucky State Penitentiary in Eddyville, Kentucky, has filed a *pro se* civil rights action pursuant to 42 U.S.C. §1983. The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

**BACKGROUND**

Burke alleges that on December 20, 2002, he was removed from an isolation cell in the front booking area of the Campbell County Jail to an isolation cell in the back "pod" of the jail. The next day, Burke informed defendant Fornash that Officer Webber was refusing to provide him with his lunch and supper meals. Burke advised Sergeant Hines and Deputy Slocum of this fact, and that Captain Nagle had ordered Burke to be housed away from Officer Webber because Webber had told

other inmates that Burke was a "snitch," thereby putting him at risk of assault by other inmates. Burke alleges that Hines denied him meal service and, following a brief discussion, that these officers assaulted Burke without provocation, using pepper spray and excessive force. Burke was then led to the women's section of the jail and placed in a "restraint chair." The officers further refused to wash the residue from the pepper spray away from Burke's eyes and mouth. Burke alleges that officers Slocum and Fornash then picked up Burke in his restraint chair and placed him outside in 28 degree weather for 3½ hours while still restrained. Burke was thereafter moved to an isolation cell in the front booking area of the jail but was not given any medical attention. Deputy Claridge monitored Burke's cell from the control room. Burke alleges that Campbell County Fiscal Court and Judge Penbry are responsible for the administration of the procedures which govern the use of restraint chairs in the jail and supervision of jail personnel, respectively, but executed those responsibilities negligently.

This is the third complaint filed by Burke regarding these events in December 2002. On January 6, 2003, Burke filed a civil rights action against Jailer Greg Buckler, Campbell County, and the Campbell County Jail. By Memorandum Opinion and Order dated March 24, 2003, the undersigned dismissed Burke's complaint without prejudice. Although the Court found that Burke had failed to allege any personal involvement by Buckler or any unconstitutional policy or custom by the County or Jail, nonetheless the Court dismissed the case without prejudice because Burke had failed to exhaust his administrative remedies. The Sixth Circuit subsequently dismissed Burke's appeal for want of jurisdiction. *Burke v. Buckler*, 03-CV-02-DLB, Eastern District of Kentucky [Record Nos. 1, 18, 30, 42 therein].

-2-

On July 18, 2003, Burke again filed suit in this Court, naming substantially the same group of defendants identified herein and raising the same and additional claims arising out of events in October and November, 2002. By Memorandum Opinion and Order dated November 4, 2003, the Court again dismissed Burke's claims for failure to exhaust his administrative remedies. As the Court noted in its opinion, a prisoner "who file[s] a grievance but [gets] no response, is nonetheless required to continue to the next level in the administrative remedy process, to the point of total exhaustion of the process, before he may proceed to court with a lawsuit." *Citing Cox v. Mayer*, 332 F.3d 422, 424-27 (6th Cir. 2003). The Sixth Circuit dismissed Burke's appeal for want of prosecution. *Burke v. Campbell County Detention Center*, 03-CV-153-WOB, Eastern District of Kentucky [Record Nos. 1, 12, 13, 15 therein].

On August 28, 2006, two-and-a-half years after the Sixth Circuit dismissed his appeal, Burke filed a motion under Rule 60(b) to vacate this Court's judgment in that action. In support of his motion, Burke supplied documents relating to his efforts to his exhaust his claims, namely, letters to the Campbell County Jail dated June 12, 2004; November 12, 2004; June 10, 2005; October 15, 2005; and March 2, 2006, inquiring about the status of the grievances he filed in 2003. By Order dated September 1, 2006, this Court denied that motion, noting that because administrative remedies must be exhausted prior to filing a complaint, Burke's remedy, if any, was to file a new complaint rather than attempt to cure deficiencies in the original complaint. The Court expressly reserved judgment as to whether Burke's claims would be barred by the statute of limitations. *Burke v. Campbell County Detention Center*, 03-CV-153-WOB, Eastern District of Kentucky [Record Nos. 16, 17 therein].

Burke then filed the present action and included an additional letter to the jail regarding the status of his grievance dated February 10, 2004.

## DISCUSSION

As this Court advised Burke in its Memorandum Opinion and Order dated November 4, 2003, a prisoner "who file[s] a grievance but [gets] no response, is nonetheless required to continue to the next level in the administrative remedy process, to the point of total exhaustion of the process, before he may proceed to court with a lawsuit." *Cox v. Mayer*, 332 F.3d 422, 424-27 (6th Cir. 2003). Since the dismissal of his second lawsuit, Burke has repeatedly sent letters to the Campbell County Jail inquiring about the status of his grievance, but it appears he has received no response. However, there is no evidence that Burke continued his grievance by appealing to the next level, first to the Captain and then to the Jailer, as expressly permitted on the grievance form. Under *Cox*, Burke has still failed to exhaust his administrative remedies nearly four years after the events about which he complains. Burke's complaint would therefore be subject to dismissal without prejudice.

The Court will, however, dismiss Burke's complaint with prejudice as barred by the statute of limitations. Because the civil rights statute, 42 U.S.C. §1983, does not supply its own statute of limitations, federal courts "borrow" the most analogous statute of limitations in the state where the events giving rise to the claim occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). The applicable statute is the one-year statute of limitations for residual tort claims found in KRS 413.140(1)(a). *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *University of Kentucky Bd. of Trustees v. Hayse*, Ky., 782 S.W.2d 609, 613 (1989). Because all of the defendants' conduct alleged in the complaint occurred in 2002, the present claims are time-barred and must be dismissed.

-4-

In his Rule 60(b) motion in his second action, Burke included a copy of the Sixth Circuit's decision in *Brown v. Morgan*, 209 F.3d 595 (6th Cir. 2000), which held that "the statute of limitations which applied to Brown's civil rights action was tolled during the period during which his available state remedies were being exhausted." *Id.* at 597. This statement of the law is plainly correct, but as surely as the exhaustion requirement is designed to ensure that plaintiffs do not bring their claims too early, statutes of limitation are designed to ensure that plaintiffs do not bring their claims too late. Federal courts apply the forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law. *Hardin v. Straub*, 490 U.S. 536, 537-39 (1989). Kentucky law requires a litigant to pursue his rights with reasonable diligence in order for equitable tolling to apply. *See, e.g., Commonwealth v. Stacey*, 177 S.W.3d 813, 817 (2005) (statute of limitations may be equitably tolled so long as the petitioner exercises due diligence). In the present case, *Brown* does not assist Burke because in order to have the statute of limitations tolled, Burke would have to have been pursuing his administrative remedies with reasonable diligence, including, when appropriate, appealing to the next level of appeal in the face of the jail's failure to respond. *Wisenbaker v. Farwell*, 341 F.Supp.2d 1160, 1164 (D.Nev. 2004). Burke repeatedly sent letters to the jail, but he never appealed to the next administrative level as required by *Cox*. Certainly a month of silence from the jail was sufficient time to permit, indeed to require, Burke to file an appeal to the next level or administrative appeal. The consequences of his failure to do so cannot be ameliorated by his sending a letter to the jail every six months over a three-year period merely inquiring about the status of his grievance. Because Burke failed to diligently pursue his administrative remedies, the statute of limitations ceased to be tolled once he abandoned the process of administrative appeals. Accordingly, his claims are barred by the statute of limitations, and they must be dismissed with

-5-

prejudice.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)     Plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

(2     The Court certifies that any appeal would not be taken in good faith.  28 U.S.C.

§1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*,

117 F.3d 949 (6th Cir. 1997).

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and

Order in favor of the respondents.

This _____ day of December, 2006.

Signed By:
David L. Bunning
United States District Judge